IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRUNSON ROBERTS,                                                                                    PLAINTIFF
ADC # 127841

v.                                              4:22CV00492-JM-JTK

SOLOMON GRAVES, et al.                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     INTRODUCTION**

Brunson Roberts ("Plaintiff") is in custody at the Maximum Security Unit of the Arkansas Division of Correction. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Motion for Preliminary Injunction. (Doc. Nos. 1-3). Although Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), Plaintiff's IFP Motion, and Motion for Preliminary Injunction, should be denied.

## II. SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

[2] Roberts v. Hobbs, et al, 2:07cv00022-SWW (E.D. Ark.); Roberts v. Wilkins, et al.,

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued 32 named Defendants along with unidentified Doe Defendants. (Doc. No. 2 at 10-11). Plaintiff makes a variety of allegations, ranging from deliberate indifference to serious medical needs to excessive force to purported due process violations. With limited exception, Plaintiff's allegations concern the 2020-2021 time period. For the imminent danger exception to apply, the alleged harm must be real and proximate. Further, even liberally construing Plaintiff's Complaint, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, Plaintiff's IFP Motion, and his Motion for Preliminary Injunction, should be denied.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's IFP Motion (Doc. No. 1) be DENIED and Plaintiff's Complaint be DISMISSED without prejudice.

2. Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) be DENIED as moot.

---

4:18cv00149-JM (E.D. Ark.); and Roberts v. Payne, 4:21cv00441-LPR (E.D. Ark.).

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 1st day of June, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE